# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00058-MR
# (CRIMINAL CASE NO. 1:07-cr-00032-MR-4)

| | |
|---|---|
| DARIAN KENDALL ROBINSON, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 [Doc. 1], as well as his two Supplements to the Motion to Vacate [Docs. 2, 3]. No response from the Government is necessary. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Motion to Vacate.

**I.  PROCEDURAL BACKGROUND**

On July 9, 2007, Petitioner entered into a plea agreement with the Government pursuant to which he pled guilty to conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  [Criminal Case No. 1:07-cv-00032-4, Doc. 79:

Plea Agreement]. Petitioner was designated as a career offender under U.S.S.G. § 4B1.1. This Court subsequently sentenced Petitioner to 276 months' imprisonment. [Id., Doc. 170: Judgment].

Petitioner filed his first 28 U.S.C. § 2255 petition on December 28, 2009. This Court denied Petitioner's motion with prejudice on the merits on December 28, 2010. [Id., Docs. 199, 201; Civil Case No. 1:09-cv-00473 (W.D.N.C.)]. Petitioner filed a second 28 U.S.C. § 2255 petition on August 30, 2012, and this petition was denied as an unauthorized successive petition on January 16, 2013.[1] [Id., Docs. 253, 260; Civil Case No. 1:12-cv-00276 (W.D.N.C.)]. Petitioner placed the instant Section 2255 petition in the prison system for mailing on February 14, 2014, and it was stamp-filed in this Court on February 24, 2014. Thus, this is the third Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 1:07-cr-00032-MR-4. In the instant petition, Petitioner contends that he was improperly sentenced as a career offender in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Petitioner also contends that he is actually innocent of the underlying crime for which he was convicted.

---

[1] Petitioner styled the action as a motion under Rule 60(b)(1) of the Federal Rules of Civil Procedure, but the Court determined it was, in substance, a successive petition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant motion to vacate is a successive petition. Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion

3

must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

**IV. CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 petition is dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 7, 2014

Martin Reidinger
United States District Judge